## BAKER v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2380.   Decided Nov 29, 1933

Donald Gottwald, Akron, for plaintiff in error.

Ray B. Watters, Pros. Atty., Akron, and I. S. Ballard, Asst. Pros. Atty., Akron, for defendant in error.

## OPINION

By WASHBURN, PJ.

The record of the trial is long, and the alleged errors claimed are numerous, but the conclusion we have reached renders it unnecessary to refer to all of them or to comment upon some quite remarkable situations disclosed by the evidence in the record.

It is claimed that the defendant had a right to elect to be tried by the court, and that the refusal of the court to accord him that right is reversible error.

That right is claimed under favor of §13442-4, GC, which provides that "In all criminal cases pending in courts of record in this state, the defendant shall have the right to waive a trial by jury, and may, if he so elect, be tried by the court without a jury"; and it is further claimed that the granting of such right is made mandatory by §13442-5, GC, which provides that, where there is such a waiver, the judge of the court in which such case is pending shall have jurisdiction to proceed with the trial of said cause and "shall proceed to hear, try and determine such cause."

The Supreme Court of Ohio has held that the foregoing statutes are constitutional and mandatory, and that the right to be tried by the court as therein provided is a substantial right which the court cannot deny without committing prejudicial error.

State v Smith, 123 Oh St 237.

It follows that if said statutes applied to the trial of the defendant in the division of domestic relations of the Common Pleas Court, the judgment of that court in this case must be reversed.

By the express terms of said statutes, they apply to the trial of any criminal case "pending in courts of record in this state." The defendant was tried in the Common -Pleas Court, and the Common Pleas Court

is a court of record, but the question is presented as to whether a criminal trial in the division of domestic relations of the Common Pleas Court is a trial in a court of record.

The judge presiding in said division is a judge of the Common Pleas Court, and any of the judges of the Common Pleas Court of said county are eligible to preside in said division in the event of the incapacity of the judge of the Common Pleas Court who, by his election, is authorized to preside in the domestic relations division of the Common Pleas Court, and while so presiding, such judge has "all the powers provided for in title four, chapter eight, of the General Code, relating to juvenile courts." (§1532-2, GC).

Under the statutes of Ohio, there is no such thing as a Juvenile Court separate and apart from existing and regularly established courts. Title 4, chapter 8, confers certain jurisdiction upon what is termed a "Juvenile Court," and provides for the exercise of such jurisdiction, not by a separate Juvenile Court, but by existing and regularly established courts in the various counties. (§1639, GC).

As has been said, in Summit County such jurisdiction is exercised by a judge of the Court of Common Pleas presiding in the division of domestic relations of that court, and it is expressly provided in said chapter 8, title 4, that where the words "juvenile court" are used, such words "shall be understood as meaning the court * * * exercising such jurisdiction." (§1639, GC).

It follows that the judge of the Common Pleas Court of Summit County, while presiding in the division of domestic relations of the Common Pleas Court and exercising the powers provided for in such chapter 8, title 4, "relating to juvenile courts," is in fact sitting as a judge of the Common Pleas Court and exercising the jurisdiction conferred upon that court, which is a court of record.

In this instance, the judge was engaged in the trial of a criminal case and he was of course, governed by the provisions of the criminal code, and said statutes hereinbefore referred to, which confer upon the defendant the right to elect to be tried by the court, are a part of the criminal code.

The trial judge, in denying the defendant that right, expressly stated in the record the authority for so doing to be §11420-20, GC, which has no application to the trial of a criminal case. That section provides that the trial court may order "any case which it deems peculiarly fit to be tried by a jury,

to be so tried." That section has been in force for a number of years, and formerly it was known as §11468, GC, and it has always been and is now a part of the Code relating to the trial of civil actions, and the procedure to be followed in the trial of criminal cases is contained in a separate title of the Code, which contains no provision similar to said §11420-20 GC. We are clearly of the opinion that said section does not vest in the trial judge the authority to deny to the defendant the right to elect to be tried by the court.

It is further urged in this court that, notwithstanding the fact that the defendant was tried in a court of record, and notwithstanding the fact that said statutes (§§13442-4 and 13442-5, GC) in terms gave to the defendant the right to elect to be tried by the court instead of a jury, still that right was properly denied him because of the provisions of §1651, GC, which is a part of title 4, chapter 8, "relating to the juvenile court." The pertinent portion of that section reads as follows:

"Any person charged with violating any of the provisions of this chapter or being responsible for or with causing, aiding or contributing to the delinquency, dependency or neglect of a child, or with acting in a way tending to cause delinquency in a child, arrested or cited to appear before such court, at any time before hearing, may demand a trial by jury, **or the judge upon his own motion may call a jury.**"

We see no inconsistency between the above statute and the statutes hereinbefore referred to which give to the defendant the right to elect to be tried by the court. Said §1651 GC has nothing to do with the defendant's right to **waive** a jury trial, but on the contrary gives him the right to **demand** a jury trial, and then it provides that if he does not demand a jury trial, the judge, upon his own motion, may call a jury; but that does not give the trial judge the right to call a jury where the defendant, in compliance with §13442-4, GC, expressly waives a trial by jury and elects to be tried by the court. When that is done, §13442-5 GC makes it the mandatory duty of the trial judge to try the case without a jury.

So finding, it follows that the trial judge committed prejudicial error when he denied the defendant the right to elect to be tried by the court, and for such error the judgment will have to be reversed.

It is, of course, unnecessary for us to pass upon the claim that the verdict is against

the weight of the evidence, or the errors claimed in reference to the admission and rejection of evidence.

For error in refusing to .permit the defendant to waive a jury trial and elect to be tried by the court, the judgment is reversed and the cause remanded.

FUNK and STEVENS, JJ, concur in judgment.